UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
UNITED STATES OF AMERICA           :
                                   :
        Plaintiff,                 :
                                   :
        v.                         :      Civil Action No. 3:06-cv-6118-FLW
                                   :
TAMMY F. CONSIDINE, pro se         :
                                   :      **OPINION**
        Defendant.                 :
_____:

**WOLFSON, United States District Judge:**

Presently before the Court is a Motion for Summary Judgment brought by Plaintiff United States of America on behalf of the United States Department of Education ("Plaintiff") to recover money owed by Defendant Tammy Considine ("Defendant"). Defendant's alleged debt arises out of defaulted student loans guaranteed by the New York Higher Education Services Corporation ("NYHESC") authorized pursuant to the Higher Education Act of 1965. For the following reasons, Plaintiff's Motion for Summary Judgment is granted.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant executed several promissory notes to secure educational loans on September 25, 1980, August 7, 1981, September 14, 1982, and September 6, 1983 respectively. Declaration Leah A. Bynon ("Bynon Decl."), Ex. A, Declaration of Alberto Y. Francisco ("Francisco Decl.") ¶10. The four promissory notes, totaling $10,000, were to be repaid at 7 percent per annum. Id. The loan obligations were guaranteed by the New York Higher Education Services Corporation ("NYHESC") and then reinsured by the United States Department of Education ("Education") under loan guarantee programs authorized pursuant to Title IV-B of the Higher Education Act of

1965. Id. ¶11. Defendant defaulted on her loans on April 10, 1992, at which time, the lender filed a claim against NYHESC. Id. ¶12  As a result, NYHESC paid the lender the entire loan amount plus $594.66 in capitalized interest. Id. After unsuccessful attempts to collect the loans, NYHESC assigned the loan to Education. Id. ¶13.  When Education was assigned the loans on September 10, 1999, Defendant owed $16,319.67. Id.    Education made several attempts to contact Defendant, initially sending her a letter to her Bloomfield, New Jersey address on September 12, 1999. Id. ¶14.  From September 12, 1999 to October 16, 2006, Education sent over eighty letters to Defendant at her various addresses. Bynon Decl., Ex. B. Over that same period of time, Education received $2,652.00 in payments from Defendant, which have been credited to Defendant. Bynon Decl., Ex. A, Francisco Decl. ¶15. However, due to the accrual of interest, Defendant now owes over $20,969.48.  Id.

Plaintiff filed this Complaint for breach of a promissory note on January 3, 2007. In its Complaint, Plaintiff seeks a judgment of $20,969.48, with post-judgment interest accruing at a rate of 7%. Defendant, pro se, filed an Answer with this Court on February 2, 2007, disputing the amount due on the loans.  On August 11, 2008, Plaintiff filed this Motion for Summary Judgment.  However, Defendant never filed any opposition to this motion and on October 1, 2008, this Court notified Defendant that it would consider the Motion unopposed.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate where the Court is satisfied "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 330 (1986). A fact is "material"

only if it might affect the outcome of the suit under the applicable rule of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330. Once the moving party satisfies this initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324. In other words, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999). A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248. In evaluating the evidence, a court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [non-moving] party." Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (citations omitted).

However, if a non-movant fails to oppose the motion, Rule 56(e) provides that the Court may only grant the motion for summary judgment "if appropriate." See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.3d 168, 175 (3d Cir. 1990); Damiano v. Sony Music Entm't, 975 F. Supp. 623, 627 (D.N.J. 1996) (granting summary judgment motion because plaintiff's argument was unopposed, and thus no genuine issue of material fact was created). The motion is appropriately granted when the movant is entitled to judgment as a matter of law. Anchorage

Assocs., 922 F.2d at 175.  When "the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Carp v. IRS, No. 00-5992, 2002 WL 373448, at *2 (D.N.J. Jan. 28, 2002) (quoting Anchorage Assocs., 922 F.2d at 175).  Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D.Pa. March 1, 1989) (citing Childers v. Joseph, 842 F.2d 689 (3d Cir. 1988); see also Atkinson v. City of Phila., No. 99-1541, 2000 WL 793193, at *5 n.8 (E.D.Pa. June 20, 2000).

### B.  Plaintiff's Breach of Promissory Note Claim

Plaintiff asserts that Defendant owes over $20,969.48 in defaulted student loans.  In an action to recover on a promissory note for student loans, "the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Hargrove, No. 06-1059, 2007 WL2811832, at *2 (E.D.Pa. September 24, 2007) (quoting United States v. Lawrence, 276 F.3d 193, 197 (5th Cir.2001).  In support of its Motion, Plaintiff provides copies of all four promissory notes executed by Defendant, Bynon Decl., Ex. B, and the Declaration of Alberto Y. Francisco, a Senior Loan Analyst with the Litigation Branch of Education, verifying that Education is the holder and owner of the promissory notes, Bynon Decl., Ex. A, Francisco Decl. ¶¶ 12-13, and that the notes are in default.  Thus, Plaintiff has satisfied its burden and is entitled to a judgment as a matter of law. See Hargrove, 2007 WL 2811832 at *2 (finding the government was entitled to judgement as a

matter of law when it provided copies of the plaintiff's promissory notes and documentation showing that Education was the holder of the defaulted loans).

Moreover, because Defendant does not contest this Motion, this Court is left with only Defendant's initial denial in her Answer over the amount due, but not a denial that an amount is due; a general denial insufficient to create a question of material fact. Id.; Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Engr'rs., 982 F.2d 884, 890 (3d Cir.1992) (determining a non-movant cannot merely rely on vague denials and general allegations to create an issue of material fact in a motion for summary judgment). Notwithstanding the insufficiency of this denial, Plaintiff provides extensive documentation confirming the amount Plaintiff seeks in this matter. Defendant's original indebtedness was $10,000, confirmed by Plaintiff's inclusion of copies of each of the four promissory notes Defendant signed. Bynon Decl., Ex. A, Francisco Decl. ¶10. By September 10, 1999, that amount increased to $16,319.67, $5,725.01 of which interest accumulated. Id. ¶13. Plaintiff credits Defendant with payments totaling $2,652.00. Id. ¶15. However, the credit in payments towards Defendant's total balance due has been offset by the accumulation of interest at a rate of 7 percent per annum over the past nine years. See Id. ¶¶ 1-15; Bynon Decl., Ex. B. Plaintiff's documentation confirms the total amount due as of the date of this Motion at $20,969.48. Bynon Decl., Ex. A, Francisco Decl. ¶15. Accordingly, Plaintiff's Motion for Summary Judgment is granted.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted.

Dated October 24, 2008 /s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.